## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BARTLETT ELLIOTT,**

    Plaintiff,

v.                                          No. CIV-06-0249 MCA/LAM

**ALICIA AGUILAR (RE/MAX ADVANTAGE),**

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Alicia Aguilar's Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the parties' arguments, the complaint, and the relevant law, the Court concludes that the complaint must be dismissed.

## STANDARD OF REVIEW

In reviewing a *pro se* complaint, a court applies the same legal standards applicable to pleadings counsel has drafted, but is mindful that the complaint must be liberally construed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "The broad reading of the plaintiff's complaint [, however,] does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

> [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court applies the following standard:

> [A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  It is true that dismissal under Rule 12(b)(6) is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.  It is also well established that dismissal of a complaint is proper only if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

*Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (internal quotation marks and citations omitted).

## **THE COMPLAINT**

Because the parties in this case both reside in New Mexico, Elliott invokes the Court's original jurisdiction under 28 U.S.C. § 1343(a)(3), alleging only violation of 42 U.S.C. § 1983.  *See* Compl. at 2.  Aguilar, a real estate agent, represented the seller of a piece of real property that Elliott and his wife desired to purchase.  *See id.*  Elliott alleges that, after he and his wife paid $500 earnest money to the seller to hold the property, and while awaiting approval for a loan, Aguilar came to their home and told them she "had another buyer to purchase the [] property" and did not "want to wait a few days" for them to get their loan approval.  *Id.* at 2, 3.  Although the Elliotts did not want to do so, she "insisted" and "forced" the Elliotts to "take back" their earnest money deposit.  *Id.* at 2, 3.  Elliott asserts that Aguilar sold the property to "one of her own nationality" instead of to him and his wife, and that he received the loan approval a week after Aguilar returned the earnest money to them.  *Id.* at 3.  He contends that he and his wife were "betrayed" and "deceived" by Aguilar and that she discriminated against them "because we were not of her nationality (country of origin)."  *Id.* at 2, 3.  He asserts that he therefore has been denied his "right to the Pursuit of Happiness as guaranteed

by the United States Constitution." *Id.* at 3. Elliott seeks $100,000 in damages for losing the opportunity to purchase the property and for the mental distress caused by Aguilar's allegedly "horrific" act. *Id.* at 5.

## ANALYSIS

Aguilar contends that Elliott has failed to state a claim under § 1983 because he has not, and cannot, demonstrate that Aguilar was acting under color of state law when she allegedly discriminated against him. The Court agrees. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint states that Aguilar is a real estate agent employed by a private firm, and nothing in the complaint indicates that she is a state actor. In his response to the motion to dismiss, however, Elliott contends that Aguilar is a state actor because her real-estate-agent license is issued by the State of New Mexico. This contention is without merit.

The Tenth Circuit has described four tests a district court may apply to determine whether a private party should be deemed a state actor: (1) the nexus test; (2) the symbiotic-relationship test; (3) the joint-action test; and (4) the public-function test. *See Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir. 1995). "Under each of these four tests, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State." *Id.* (internal quotation marks omitted). Thus, "[i]n order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* (internal quotation marks omitted). The Court concludes as a

matter of law that the fact that Aguilar possesses a real-estate license issued by the State does not make Aguilar's allegedly discriminatory motive in convincing the Elliotts to take back their earnest money "fairly attributable to the State." This fact creates no "nexus" between the State and Aguilar's challenged conduct, *see id.* at 1448; it does not establish that the State has "insinuated itself into a position of interdependence" with Aguilar, *id.* at 1451; it does not demonstrate that Aguilar is a "willful participant in joint action with the State or its agents," *id.* at 1453; and it does not demonstrate that the State delegated to Aguilar a "function traditionally or exclusively reserved to the State," *id.* at 1456 (internal quotation marks omitted). Aguilar is not deemed a state actor, and Elliott has not stated a claim under § 1983.

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted). "[T]he well-pleaded complaint rule requires that the federal question giving rise to jurisdiction must appear on the face of the complaint." *Id.* Because Elliott has not established a federal question on the face of his complaint and the parties are not diverse, this Court does not have subject-matter jurisdiction over any other unraised state-law claims that Elliott may potentially have against Aguilar, and the complaint must be dismissed. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (stating, "insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings") (internal quotation marks and bracket omitted); *cf. United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (instructing district courts that, when federal jurisdiction is based solely upon a

federal question, absent a showing that "the parties have already expended a great deal of time and energy on the state law claims, . . . a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial").

**IT IS, THEREFORE, ORDERED** that *Defendant Aguilar's Motion to Dismiss* [Doc. 5] is **GRANTED**.

**SO ORDERED** this 28th day of February, 2007, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge